NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Ryan M. Ferrell, Bar No. 258037
rferrell@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

BY
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2012 JAN 17 PM 3:00
FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARTIN CONDE, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

OBESITY RESEARCH INSTITUTE, LLC; and DOES 1-25, Inclusive,

Defendants.

Case No.:   **CV12 - 0413 RSWL (RZx)**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff MARTIN CONDE ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.   INTRODUCTION

1.   Obesity Research Labs, LLC ("Defendant") manufactures, markets, and sells the Lipozene line of products ("the Products") as "safe and effective" weight loss products "clinically proven to reduce body fat." Defendant claims its Products are backed by "clinical studies" and research which supports the efficacy claims about their Products.

BY FAX
COPY

2.      In reality, Lipozene's main ingredient, Glucomannan, is simply a water-soluble dietary fiber with no ability to cause weight loss or the reduction of body fat. Defendant's statements about the Product's efficacy are false and misleading, and the research relied upon by Defendant does not substantiate its claims.

3.      Defendant's misrepresentations regarding the efficacy of Lipozene were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that these Products were effective at causing weight loss and the reduction of fat.  Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product but for Defendant's misrepresentations.

4.      Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the money taken by this unlawful practice.

## II.      THE PARTIES

**A.      Plaintiff.**

5.      Plaintiff is a resident of Los Angeles, California and purchased Lipozene in Los Angeles County in late 2011.  Plaintiff relied on Defendant's representations regarding the efficacy of the Product, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for the Product.

**B.      Defendant.**

6.      Defendant Obesity Research Institute, LLC is a California limited liability company with its principal place of business located at 17185 Via Barranca del Zorro, Rancho Santa Fe, California 92067.  Obesity Research Institute, LLC develops and markets Lipozene, and does business in California.

7.      The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1 through 25 inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 25 when the same have been ascertained. Plaintiff are further informed and believe and based thereon allege that DOES 1 through 25 were

and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

### III.   JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,0000, exclusive of interest and costs.

9.     Plaintiff alleges that the total damages of the individual members of the Plaintiff Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

10.     As set forth herein, both Plaintiff and Defendant are citizens of California but the proposed class is nationwide and exceeds 100 individuals.  Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2), (5).

11.     Venue is proper in this Court because Plaintiff purchased the Product in this Judicial District and because Defendant has received substantial compensation from sales in this Judicial District.  Specifically, Defendant knowingly engages in activities directed at consumers in this Judicial District, and Defendant obtains substantial benefits from its scheme perpetrated in this Judicial District.  The declaration of venue required by California Civil Code § 1780(d) is attached hereto as Exhibit 1.

### IV.   FACTS

12.     Defendant manufactures, markets, and sells the Lipozene product line ("the Products") as a "safe and effective" way to lose weight that is "clinically proven to reduce body fat."  Defendant claims its Products are backed by "clinical studies" and research which supports the efficacy claims about its Products.  Based on Defendant's wide-spread marketing campaign, **Defendant claims to have sold "over 10 million bottles"** of its Products.  (Emphasis added).

13.     Defendant makes numerous efficacy assertions on its website and via print, radio and television advertisements which Defendant states are supported by "clinical studies," University testing and other "research."  Some of the claims include:

(a)     "CLINICALLY PROVEN TO REDUCE BODY FAT";

(b)     "Weight Loss Guaranteed Results";

(c)     "Lipozene diet pills are clinically proven to help reduce body fat & weight";

(d)     "78% of each Pound Lost is PURE BODY FAT";

(e)     "Lipozene diet pills are backed by multiple clinical studies";

(f)     "REDUCE POUNDS of Body Fat and Weight WITHOUT a change in lifestyle";

(g)     "Lipozene weight loss supplements are safe and effective";

(h)     "Lipozene creates a dietary fiber sponge that makes you feel full, thus reducing caloric intake and adding fiber to your diet";

(i)     "Lipozene guarantees you will lose weight and body fat";

(j)     "The Obesity Research Institute has found the solution.  It's called Lipozene";

(k)     "Lipozene is so powerful that it's clinically proven to help you lose pure body fat"; and

(l)     Participants in the allegedly "major" University conducted, double-blind study "were not asked to change their daily lives.  It's so easy, just take Lipozene."

(*See* Exhibit 2 attached depicting the numerous efficacy claims made by Defendant).

14.     In reality, no reliable clinical research or University testing can support the above claims made by Defendant.  Those "tests" and "studies" purportedly relied upon by Defendant are not named or identified by the Defendant, nor are the "Universities" or institutions that allegedly conducted them.  "The bottom line: There's simply no good evidence that the small doses of glucomannan offered by Lipozene could lead to significant weight loss, says Vladimir Vuksan, a

professor of nutritional sciences at the University of Toronto."[1]  In fact, for Defendant's allegedly active ingredient, glucomannan, to have any real effect as an appetite suppressant, "Vuksan estimates that it would take 20 to 30 grams of glucomannan each day to achieve substantial weight loss, enough to cause severe diarrhea and other gastrointestinal distress. Or, as Vuksan puts it, 'your gut would explode'."[2]

15.    Further, several studies which have examined the link between glucomannan and weight loss have produced results that do not support, or even contradict Defendant's claims about Lipozene's efficacy.  For example, one study concluded that **glucomannan had no effect on weight loss when compared to a placebo**.[3]  In another study, glucomannan was only found to have a statistical effect when it was coupled with resistance and endurance exercise and "healthy food choices."[4]  In a review of studies on the effects of glucomannan and weight, the researchers determined "Further investigation of safety, efficacy, and mechanisms of action is needed to determine whether [glucomannan] can help to decrease the high prevalence of overweight and obesity in the United States."[5]  In yet another study, glucomannan was only found to have an effect when it was coupled with a *1200 calorie a day* diet for five weeks.[6]

16.    Defendant's exaggerated and/ or blatant misrepresentations regarding the efficacy of their Products were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Products were effective at providing weight loss and the reduction of fat. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

17.    Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the money taken by this unlawful practice.

---

[1] Chric Woolston, "Bold claims for Lipozene, but not much evidence," The Los Angeles Times (June 9, 2008), *available at* http://articles.latimes.com/2008/jun/09/health/he-skeptic9.
[2] *Id.*
[3] Salas-Salvado, J. et al., "Effect of two doses of a mixture of soluble fibres on body weight and metabolic variables in overweight or obese patients: a randomised trial," Br. J. Nutr. (June 2008).
[4] Kraemer, W.J. et al., "Effect of adding exercise to a diet containing glucomannan," Metabolism. (Aug. 2007).
[5] Kiethley, J., et al., "Glucomannan and obesity: a critical review," Altern. Ther. Health Med. (Nov.-Dec. 2005).
[6] Birketvedt, G.S. et al., "Experiences with three different fiber supplements in weight reduction," Med. Sci. Monit. (Jan. 2005).

CLASS ACTION COMPLAINT

18.     Defendant sells the Products for approximately $29.99 based on the preceding false advertising claims.  As a result, Defendant has wrongfully taken millions of dollars from United States consumers.

19.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of United States consumers by Defendant, and to recover the funds taken by this unlawful practice.

## V.     CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within the United States who purchased Lipozene (1) from a retail location in California, or (2) over the internet at any time after April 1, 2011 through the date of trial in this action (the "Class").

21.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement involving Lipozene.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

22.     The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across the United States.   While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

23.     There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may

affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

     a.     Whether Defendant's efficacy claims are accurate;

     b.     Whether Defendant's efficacy claims are properly substantiated;

     c.     Whether Defendant has falsely represented that Lipozene products have uses and benefits which they do not have;

     d.     Whether Defendant knew that its efficacy claims were false;

     e.     Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

     f.     Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

     g.     Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

     h.     Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

     i.     Whether Plaintiff and Class members are entitled to restitutionary relief; and

     j.     Whether Plaintiff and Class members are entitled to injunctive relief.

24.     Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the Products and purchased them based on those representations.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Plaintiff has retained a law firm who is widely recognized as one of the most successful and effective class action litigators in California, and whose victories have been

publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper. The firm has also been certified as lead class counsel in similar class actions.

26.     Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

27.     Adjudication of individual class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## VI.   CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
## (CAL. CIV. CODE §§ 1750, *ET SEQ.*)
### (By Plaintiff and on Behalf of the Class Against Defendant)

28.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

29.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the Products in reliance on Defendant's marketing claims with respect to efficacy. Plaintiff

used the Products as directed, but it did not work as advertised and was not of the quality and standard advertised by Defendant.

30.     Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the efficacy of the Products. These business practices are misleading and/or likely to mislead consumers and should be enjoined.

31.     Defendant has engaged in deceptive acts or practices intended to result in the sale of Lipozene in violation of Civil Code § 1770. Defendant knew and/or should have known that its representations of fact concerning the efficacy of the Products were material and likely to mislead the public. Defendant affirmatively misrepresented that the Products were of a certain standard and quality with certain benefits which they did not have.

32.     Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9). As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

33.     There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

34.     In conjunction with filing this action, Plaintiff's counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a). A copy of this letter is attached hereto as Exhibit 3. Should Defendant fail to respond within thirty days, Plaintiffs will amend to seek damages under the California Consumer Legal Remedies Act.

35.     The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit 1.

36.     Defendant's wrongful business practices constituted, and constitute, a continuing

course of conduct in violation of the Consumer Legal Remedies Act since Defendant is still representing that their Products have characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

**(CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

**(By Plaintiff and on Behalf of the Class Against Defendant)**

37.    Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

38.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased Lipozene in reliance on Defendant's marketing claims.  Plaintiff used the Products as directed, but it did not work as advertised and did not provide any of the promised benefits.

39.    Defendant has engaged in false advertising as they have disseminated false and/or misleading representations about the Products.

40.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that its Products are effective.

41.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised, and are in reality, ineffective.

42.    By disseminating and publishing these statements in connection with the sale of the Products, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

43.    As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant

- 10 -

CLASS ACTION COMPLAINT

has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

44.     Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

45.     Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future.   There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

### THIRD CAUSE OF ACTION

### UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES

### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

46.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

47.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased Lipozene in reliance on Defendant's marketing claims.  Plaintiff used the Products as directed, but it did not work as advertised and were not of the standard, quality and grade advertised.

48.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

49.     Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that, the Products were effective.

50.     Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised.

51.     Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Products as set forth herein.

52.     Defendant's business practices, as alleged herein, are unlawful because they violate the Consumer Legal Remedies Act and False Advertising Law.

53.     Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products have characteristics and benefits they do not have.

54.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its Products in a manner likely to deceive the public.

55.     As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Products.  Plaintiff and members of the Class would not have purchased or would have paid less for the Products had they known that they were not as represented.

56.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

- 12 -

1.     For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendant;

2.     For damages suffered by Plaintiff and Class members;

3.     For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

4.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6.     For Plaintiff's costs of the proceedings herein;

7.     For reasonable attorneys' fees as allowed by statute; and

8.     For any and all such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: January 17, 2012

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
     Scott J. Ferrell
     Attorney for Plaintiff and the Class

CLASS ACTION COMPLAINT

1    I, Martin Conde, declare as follows:

2         1.      I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6         2.      The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that  LOS ANGELES          County is a county

8    in which Defendants are doing business.

9

10        I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct.

12

13                                        Martin Conde

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1 PAGE 14

- 1 -

DECLARATION RE VENUE
EXHIBIT 1



EXHIBIT 2

EXHIBIT 2 PAGE   *15*



Lipozene creates a dietary fiber sponge that makes you feel full, thus reducing caloric intake and adding fiber to your diet. Weight loss varies depending on each individual, but Lipozene guarantees you will lose weight and body fat, or your money back! Lipozene is 100% natural and there are no known side effects if taking Lipozene as directed. Lipozene contains Glucomannan, a 100% natural fiber from the Konjac Root. Lipozene is manufactured in the U.S.A. It is safe to take Lipozene up to 2 capsules, 3 times a day before each meal, for a total daily maximum dosage of 6 capsules.

Clinical trials: Clinical trials are organized studies that test the value of various treatments to support health and nutrition in human beings.

Disclaimer: The products and the claims made about specific products on or through this site have not been evaluated by the United States Food and Drug Administration (FDA) and are not approved to diagnose, treat, cure or prevent disease.

Copyright © 2012 Obesity Research Institute LLC.

Home | Pay By Check | Dosage Instructions | FAQs | Terms Of Use | Contact Us | Guarantee & Return Policy | Terms & Conditions of Sale | Customer Service | Reviews | Side Effects | Ingredients | Get the Facts

## Lipozene Facts That Every Dieter Should Know

There are several Lipozene facts that every dieter should know as they work towards their weight loss goals. If you're struggling to lose weight, you could benefit greatly from this safe and natural product.

Lipozene is made from the Konjac root, most commonly known as Glucomannan. This water-soluble fiber that has been cultivated as a weight loss aid in Japan for generations acts as a sponge in your intestines and helps you feel full, so you eat less and as a result, reach your weight loss goals quicker. The most important of all the Lipozene facts is that it is 100% natural and does not cause harmful side effects when used as directed, but there's more.

When considering taking Lipozene, it's important to understand the facts and forget all the fiction. While many products claim to provide a host of benefits, from weight loss to stronger nails and pretty much everything else you can imagine, Lipozene has been clinically proven to provide the benefits it claims, without making major lifestyle changes that can be potentially harmful to your system. There are even studies that connect its main ingredient Glucomannan with alleviating constipation, reducing cholesterol and regulating blood sugar. Those are the facts.

Clinical trials: Clinical trials are organized studies that test the value of various treatments to support health and nutrition in human beings.

Disclaimer: The products and the claims made about specific products on or through this site have not been evaluated by the United States Food and Drug Administration (FDA) and are not approved to diagnose, treat, cure or prevent disease.

Copyright © 2012 Obesity Research Institute LLC.

Home | Pay By Check | Dosage Instructions | FAQs | Terms Of Use | Contact Us | Guarantee & Return Policy | Terms & Conditions of Sale | Customer Service | Reviews | Side Effects | Ingredients | Get the Facts

EXHIBIT 2

EXHIBIT 2 PAGE 16



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

January 17, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Obesity Research Institute, LLC
2032 Corte Del Nogal
Suite 110
Carlsbad, CA 92011

Obesity Research Institute, LLC
17185 Via Barranca del Zorro
Rancho Santa Fe, CA 92067

   *Re: Violations of California Consumer Protection Laws*

Dear Sir or Madam:

   I am writing on behalf of an individual California consumer, as well as a putative class of similarly situated consumers, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

   Specifically, you market "Lipozene" as a "safe and effective" weight loss product that is "clinically proven to reduce body fat" and that it provides "Weight Loss" with "Guaranteed Results." You claim it is "clinically proven" that when consumers use Lipozene, "78% of each pound lost is pure body fat." You go so far as to claim that the "Lipozene diet pills are clinically proven to help reduce body fat & weight," that "Lipozene diet pills are backed by multiple clinical studies," and that with Lipozene, users can "REDUCE POUNDS of Body Fat and Weight WITHOUT a change in lifestyle." Our client relied on these assertions and did not experience any of the promised benefits. In fact, your product was completely worthless to him.

   The preceding claims are false and misleading, and are not supported by competent and reliable scientific evidence. In reality, Lipozene's allegedly "active ingredient" is merely fiber and has never been scientifically substantiated as being able to provide weight loss benefits, especially not to the extent claimed. Further, the "clinical studies" that you allege support your outlandish weight loss claims with respect to Lipozene do not show Lipozene can provide weight

EXHIBIT 3

EXHIBIT 3 PAGE *17*

January 17, 2012
Page 2

loss.  If anything, the studies merely show that with lower caloric intake and increased exercise, people can lose weight.  This conclusion is not new or novel and does nothing to support your claims that Lipozene can cause weight loss or reduce body fat.  In sum, the manner and presentation of your marketing leaves consumers with a misleading overall net impression regarding Lipozene.

As such, we believe that you are advertising Lipozene as having characteristics, uses and benefits that it does not have in violation of the Consumer Legal Remedies Act.  We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of Lipozene constitutes a violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*) and a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of this and similar products marketed and that you provide all consumers who have purchased the product with a full refund.  If you conform your activities to comply with California law, we will take no further action in this matter.  We invite you to contact us to further discuss and resolve this matter.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Scott J. Ferrell

SJF:cl

EXHIBIT 3 PAGE  18